# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| VICTOR O'NEAL, | :<br>: |
| Plaintiff | :<br>: |
| VS. | : NO. 5:08-CV-76 (HL)<br>: |
| | : PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Jailer MATT INGRAM, *et al.*, | : BEFORE THE U. S. MAGISTRATE JUDGE |
| | : |
| Defendants | : **ORDER & RECOMMENDATION** |

*Pro se* plaintiff **VICTOR O'NEAL** was previously ordered to furnish the Court with a completed *in forma pauperis* application. Plaintiff has timely returned the IFP form, an examination of which reveals that he is unable to pay the cost of commencing this action. Accordingly, plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**. However, he must nevertheless pay the full amount of the $350.00 filing fee, as explained later in this order.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. BACKGROUND

Plaintiff brings this complaint alleging claims arising out of his present incarceration at the Butts County Jail. Plaintiff raises claims in four areas: first, plaintiff alleges that two items of plaintiff's self-described "legal" mail were unlawfully opened and read by prison officials. Second, plaintiff appears to assert that on February 12, 2008, Jailer Chris Cato used "physical force" to return plaintiff to the dayroom. Third, plaintiff alleges that grievance procedures at the Butts County Jail "do not good" and no matter how bad the situation, the grievances "go no further than the jail here." Finally, plaintiff claims that he is being harassed.

Plaintiff has also sent two letters to the Court (Tab #s 7&9). In his first letter, plaintiff complains that employees at the Butts County Jail have removed plaintiff, a nonviolent offender, from general population and placed him in a "maximum security cell block designed for inmates with high profile cases." Plaintiff believes prison officials hope plaintiff "will lose [his] cool and get into it with some of these guys who have nothing to lose." Plaintiff fears for his safety. In his second letter, plaintiff possibly seeks to add Susan Upchurch as a defendant to this lawsuit for her alleged failure to send to this Court a copy of plaintiff's trust fund account statement.

Plaintiff names as defendants: (1-3) Jailers Matt Ingram, Chris Cato, and Ronnie Smith; (4) Supervisor Mike King; (5) Major Sandra Thurston; (6) Lieutenant Blount; and (7) Business Manager Susan Upchurch.[1] Plaintiff's claims against the defendants are discussed below.

## III. DISCUSSION

### A. *Jailers Matt Ingram and Ronnie Smith*

Plaintiff sues Jailers Matt Ingram and Ronnie Smith because he believes they opened his "legal" mail. Although this Court has serious reservations as to the validity of plaintiff's allegations, construing them most favorably to plaintiff, the Court will allow plaintiff's claim against Jailers Ingram and Smith to go forward.

### B. *Jailer Chris Cato*

Plaintiff sues Jailer Chris Cato because on February 9, 2008, he delivered an "opened" letter to plaintiff. As noted above, plaintiff believes that Jailer Matt Ingram opened this letter. Plaintiff further states that Cato specifically denied opening the letter. Plaintiff cannot sue Cato for merely delivering a letter, albeit opened, to plaintiff.

Plaintiff additionally sues Cato for "forcibly putting his hands" on plaintiff because plaintiff refused to obey Cato's order to return to the dayroom. The use of excessive force by a prison official may constitute an Eighth Amendment violation. *See Hudson v. McMillan*, 112 S. Ct. 995, 996 (1992). When prison guards stand accused of using physical force in violation of the Eighth

---

[1] To the extent plaintiff intended to include as defendants the Butts County Detention Center and the Butts County Sheriff's Office as defendants, the Court will ignore their inclusion. Neither the jail nor the sheriff's department are proper defendants withing the meaning of section 1983. **See e.g., Marsden v. Federal Bureau of Prisons**, 856 F.Supp. 832, 836 (S.D.N.Y.1994) (holding that a jail is not an entity subject to being sued); **Dean v. Barber**, 951 F.2d 1210, 1214 (11th Cir.1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

Amendment, the primary inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson*, 112 S. Ct. at 999. Plaintiff need not show major injuries to establish a claim of excessive use of force under the Eighth Amendment.

Nevertheless, *de minimis* use of force does not state a claim under the Eighth Amendment. *Hudson*, 112 S. Ct. at 1000. "Not every push or shove, even if it may later seem unnecessary, ... violates a prisoner's constitutional rights." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied*, 414 U.S. 1033 (1973).

In the present case, plaintiff does not allege that he suffered any injuries whatsoever. The Court finds that Cato's merely placing his hands on plaintiff was a *de minimis* use of force and does not support an Eighth Amendment. *See Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir.1985) (corrections officer's pushing a cubicle wall so as to strike plaintiff's legs, a brusque order to an inmate and poking the inmate in the back was *de minimis* force); *Crow v. Leach*, 1995 WL 456357 (N.D.Cal. July 28, 1995) (corrections officer's pushing inmate into chair causing his shoulder to break window behind him was *de minimis* force).

Accordingly, it is **RECOMMENDED** that both claims against Cato be **DISMISSED** and that Jailer Chris Cato be **DISMISSED** as a defendant herein. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy of this order and recommendation.

*C. Supervisor Mike King*

Plaintiff sues Mike King because King allegedly failed to properly supervise his staff. Supervisory officials are not liable under section 1983 for having the "mere right to control without any control or direction having been exercised." *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 n.58 (1978). A supervisor has no *respondeat superior* liability for the misconduct of subordinates and is not liable under section 1983 for damages or injunctive relief unless the supervisor personally participates in the alleged unconstitutional conduct or there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection may be shown (1) if the supervisor is on notice of historical widespread abuse and fails to take corrective action, (2) the supervisor has a custom or policy that results in the alleged violation, or (3) if facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone*, 326 F.3d at 1360.

The only allegation of King's involvement in the jailers' conduct is that he failed to give plaintiff an explanation or take any corrective action after being informed by plaintiff of the alelged opening of plaintiff's mail. Such conduct is insufficient to state a constitutional claim. Plaintiff makes no allegation that King had a custom or policy allowing the opening of mail, was on prior notice that plaintiff's mail might be opened, or was otherwise responsible for the opening of plaintiff's mail. Accordingly, plaintiff's complaint should be **DISMISSED** with respect to Supervisor Mike King. It is so **RECOMMENDED**. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy of this order and recommendation.

### D. Major Sandra Thurston

According to plaintiff, Major Sandra Thurston directed Jailer Ronnie Smith to open plaintiff's "legal" mail on February 12, 2008. Once again, construing the action most favorably to plaintiff, the Court will allow the complaint to go forward against Major Sandra Thurston.

### E. Lieutenant Blount

It is unclear why plaintiff sues Lieutenant Blount. Plaintiff's only mention of Lieutenant Blount is that plaintiff tried to talk to her about the opening of his mail when she was called away. Plaintiff has failed to state a constitutional claim against Blount. As such, plaintiff's complaint should be **DISMISSED** with respect to Lieutenant Blount. It is so **RECOMMENDED**. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy of this order and recommendation.

### F. Business Manager Susan Upchurch

Plaintiff sues Susan Upchurch for her failure to send to this court a copy of plaintiff's trust fund account statement, as this Court directed plaintiff to submit on March 18, 2008. However, plaintiff has not alleged any injuries as a result of Upchurch's allegedly ignoring the Court's order. In light of this Court granting plaintiff's request to proceed *in forma pauperis*, it would not appear that plaintiff has, in fact, suffered any injury necessary for this claim. Accordingly, it is **RECOMMENDED** that plaintiff's complaint should also be **DISMISSED** with respect to Business Manager Susan Upchurch. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy of this order and recommendation.

*G. Harassment*

Plaintiff generally alleges that he "knows [he has] been harassed." He provides no examples other than the above claims. Without any showing of physical injury or damage, claims of harassment, including insults and threats, cannot form the basis of a claim under section 1983. Plaintiff does not allege that the defendants physically injured him and consequently fails to state a claim. Accordingly, it is **RECOMMENDED** that plaintiff's harassment claim be **DISMISSED**. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy of this order and recommendation.

*H. Grievance Claims*

The Eleventh Circuit has held that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure. ***Dunn v. Martin***, No. 04-03566, 2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006); ***see also Baker v. Rexroad***, 159 Fed. Appx. 61, 62 (11th Cir. 2005). Thus, plaintiff's claim that the Butts County Jail does not offer a fair or effective grievance system does not allege a violation of plaintiff's constitutional rights. Accordingly, it is **RECOMMENDED** that plaintiff's grievance claim be **DISMISSED**. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy of this order and recommendation.

### H.  *Maximum Security Confinement*

Although a jail/prison official's placing a prisoner in a dangerous environment can, under particular facts, constitute a constitutional claim, plaintiff has not alleged facts sufficient to support such a claim.  Plaintiff does not allege that he suffered any injury as a result of his confinement in a maximum security cell block.  *See Babcock v. White*, 102 F.3d 267, 270-73 (7th Cir. 1996) (mere exposure to harm that never materializes is not actionable under the Eighth Amendment).  Moreover, plaintiff fails to name any defendants responsible for his confinement in maximum security confinement.  Accordingly, it is **RECOMMENDED** that plaintiff's maximum security confinement claim be **DISMISSED**.  Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy of this order and recommendation.

Accordingly, it is hereby **ORDERED AND DIRECTED** that service be made as provided by law upon **MAJOR SANDRA THURSTON** and **JAILERS MATT INGRAM** and **RONNIE SMITH**, and that they file a **WAIVER OF REPLY**, an **ANSWER**, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address.  **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞ **DUTY TO PROSECUTE ACTION**

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

**DISCOVERY**

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANTS FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF. THE DEFENDANTS SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **<u>SEPARATE MOTION</u>** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 9th day of APRIL, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

**ADDENDUM TO ORDER**

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.