IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

VICTOR LAMAR O'NEAL,

        Plaintiff

VS.

MATT INGRAM, *et al.*,

        Defendants

NO. 5:08-CV-76 (HL)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

## O R D E R

Plaintiff herein has requested this court to provide legal representation for him in the above- captioned proceeding. Tab #21. Generally speaking, no right to counsel exists in §1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Meckdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). It is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Ulmer*, *supra*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the plaintiff. The court <u>on its own motion</u> will consider assisting plaintiff in securing legal counsel <u>if and when</u> it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.

Accordingly, plaintiff's motion seeking appointment of legal counsel (Tab #21) is **DENIED** at this time.

Also pending before the court is the defendants' MOTION TO DISMISS filed on June 10, 2008. Tab #18. On June 11, 2008, the undersigned directed plaintiff O'Neal to file a response to the defendants' motion within 20 days of receipt of the order. Tab #20. In light of the fact that plaintiff's subsequently filed motion seeking appointment of legal counsel has been denied, and in an effort to allow the plaintiff a fair opportunity to respond to the MOTION TO DISMISS, the plaintiff shall have until **July 25, 2008,** to file a response to defendants' motion.

SO ORDERED AND DIRECTED, this 2nd day of JULY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE