IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

VICTOR LAMAR O'NEAL,

        Plaintiff

VS.

MATT INGRAM, *et al.*,

        Defendants

NO. 5:08-CV-76 (HL)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION ON MOTION TO DISMISS

Plaintiff VICTOR LAMAR O'NEAL, at all times relevant to the events complained of in the above-captioned case, was an inmate in the custody of the Butts County Detention Center located in Jackson, Georgia . He has sued defendants MATT INGRAM, RONNIE E. SMITH, and SANDRA THURSTON alleging that these defendants violated his constitutional rights. Plaintiff raises numerous claims in his complaint, but these claims have been limited by the court to two claims involving the alleged improper handling of plaintiff's legal mail.[1]

Specifically, plaintiff O'NEAL avers that on February 9, 2008, he was called to pick up a letter stamped "legal mail" which had already been opened. Plaintiff refused to accept the article of mail and thereafter concluded that defendant jailer Matt Ingram had opened the mail outside of his presence. Plaintiff next claims that on February12, 2008, he was "called out" by defendant jailer Ronnie E. Smith who, in front of several other inmates, informed the plaintiff that he had been instructed by defendant Sandra Thurston to open a properly marked article of plaintiff's legal mail. Plaintiff further contends that defendant jailer Smith next opened the envelope and began to read aloud a portion of the enclosed document's contents. Plaintiff subsequently filed a grievance about these events as well as the instant action. In his complaint, plaintiff O'NEAL recites the above allegations and demands injunctive relief in the form of a court ordered investigation of the Butts County Detention Center, as well as "retribution to be compensated."

Currently before the court is the defendants' **MOTION TO DISMISS**. Tab #18. This motion is supported by a brief. In the brief, the defendants contend that the action should be dismissed because (a) the plaintiffs request for money damages is unsupported by any allegation of physical injury as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e (h), and that (b) plaintiff's request for injunctive relief is, *inter alia,* overly broad. Plaintiff has filed a response to the motion. Tab #22.

---

[1] Various other claims and defendants were dismissed from this action on April 9, 2008. Tab #10.

## LEGAL STANDARD

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp*., 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on pet. for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

## DISCUSSION

Plaintiff O'NEAL's legal mail claims implicate both his right of access to the courts and his right to free speech. In order to sufficiently state an access-to-courts claim, a plaintiff must allege not only that his legal mail was opened outside his presence, but also that he was "actually injured" as a result. *Al-Amin v. Smith*, 511 F.3d 1317 (11th Cir. 2008). Because plaintiff has only asserted that his legal mail was opened outside of his presence and/or opened and read aloud in his presence (and without his consent), but has failed to indicate that he suffered an "actual injury," he does not state a cognizable constitutional claim for denial of his right to access to the courts.

With regard to the First Amendment/free speech part of O'NEAL's complaint, the requirements of stating a viable constitutional claim are not as complex. This, according to the Eleventh Circuit, is because an inmate "need [not] allege any consequential injury (physical or otherwise) stemming from an alleged First Amendment violation aside from the violation itself" in order to state a claim. *Id.* (Internal citations omitted). Thus, even if a plaintiff cannot prove an "actual injury" sufficient to entitle him to compensatory damages, the mere demonstration that his First Amendment rights have been violated *may* entitle him to an award of nominal damages.

As it pertains to the actions complained of in the instant case, it is clearly established "that a prison official violates an inmate's constitutional rights when the official opens attorney mail outside the inmate's presence." *Id.* at 1336. (Internal citations omitted). Since the plaintiff makes just such a claim, it would appear that his First Amendment claim must proceed. In addition, an official's opening and reading aloud the contents of a plaintiff's privileged mail in the presence of the inmate but without consent would, in all likelihood, also constitute a clear violation of the plaintiff's First Amendment rights.

With regard to the defendants' contentions as set forth in their brief in support of their motion seeking dismissal, the undersigned would direct the defendants to the above-cited authority in order to point out that allegations of *physical* injury are *not* required in order to state a compensable access to the courts or free speech claim. In response to the defendants' contention that the plaintiff's request for injunctive relief is, *inter alia,* overly broad and should therefore not be permitted, the undersigned agrees.[2]

Accordingly, IT IS RECOMMENDED that the defendants' MOTION TO DISMISS be **GRANTED** with respect to the plaintiff's access-to-court claims but **DENIED** with regard to his First Amendment claims. IT IS FURTHER RECOMMENDED that plaintiff's request for injunctive relief be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 10th day of September, 2008.



                                                  CLAUDE W. HICKS, JR.
                                                  UNITED STATES MAGISTRATE JUDGE

---

[2]Plaintiff seeks an investigation of all aspects of the operation of the Butts County Detention Center