# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **VICTOR LAMAR O'NEAL,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 5:08-cv-76(HL) |
| **SANDRA THURSTON,** | : |
| **JAILER MATT INGRAM,** | : |
| **and RONNIE SMITH,** | : |
| Defendants. | : |

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Claude W. Hicks, Jr., entered September 10, 2008 (Doc. 28), in which the Magistrate Judge recommends that the Motion to Dismiss of Defendants Sandra Thurston, Matt Ingram and Ronnie Smith (Doc. 18) be granted, in part, and denied, in part. Defendants have filed objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1); Plaintiff, Victor Lamar O'Neal, has not filed objections. After giving de novo consideration to those portions of the Recommendation to which objection is made, the Court accepts the Recommendation with some modification.

The Magistrate Judge recommends that the Motion to Dismiss be granted as to O'Neal's claim for denial of access to the courts because he has failed to allege an actual injury. No party has expressed objection to this portion of the Recommendation. Finding no clear error, the Court accepts the Recommendation as to this issue.

The Magistrate Judge also recommends, however, that the Motion to Dismiss be denied as to Plaintiff's claim for violation of his rights under the First Amendment. The Magistrate Judge concluded that even without a showing of an actual injury entitling him to compensatory damages, Plaintiff would still be entitled to an award of nominal damages if he could show that his rights were violated. It is this conclusion to which Defendants take exception. Defendants argue Plaintiff's complaint does not contain a claim for nominal damages and, therefore, should be dismissed under the Prison Litigation Reform Act for lack of physical injury.

As the Eleventh Circuit recently reconfirmed in Douglas v. Yates, 535 F.3d 1316, 2008 WL 2875804 (11th Cir. July 28, 2008), and as Defendants argue, where a First Amendment claim is not accompanied by a showing of physical injury, it must be dismissed without prejudice to the right to refile at a time when the plaintiff is not confined. Id. at ____, 2008 WL 2875804, at *3. Since the enactment of the PLRA, numerous circuit courts have explicitly held that the physical injury limitation contained in § 1997e(e) "applies to claims in which a plaintiff alleges constitutional violations so that the plaintiff cannot recover damages for mental or emotional injury for a constitutional violation in the absence of a showing of actual physical injury." Thompson v. Carter, 284 F.3d 411, 417 (2d Cir. 2002). *See also* Searles v. Van Bebber, 251 F.3d 869, 876 (10th Cir. 2001), and Davis v. District of Columbia, 158 F.3d 1342, 1346 (D.C. Cir. 1998). *But, c.f.* Cannell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998) (holding that § 1997e(e) does not apply to First Amendment claims

regardless of the form of relief sought).

The majority of courts have thus concluded that the remedies available to incarcerated plaintiffs for constitutional injury are limited to damages for actual injury, injunctive and declarative relief, and nominal or punitive damages. Thompson, 284 F.3d at 419; Davis, 158 F.3d at 1346. Consistent with this reasoning, the Court finds O'Neal, as a prisoner, is barred at this time from bringing a claim for compensatory damages based on the constitutional injuries allegedly sustained by him. Any such claims would not be dismissed with prejudice, however. Instead, they would be subject to dismissal without prejudice to his right to bring those claims when he is no longer confined to a prison facility. Douglas, 535 F. 3d at ____, 2008 WL 2875804, at *3.

The Eleventh Circuit, like many other circuits, has also concluded, however, that injunctive relief and nominal damages are available to a prisoner plaintiff who establishes a constitutional violation, even though he cannot prove actual injury sufficient to entitle him to compensatory damages. Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003). Thus, if O'Neal's complaint includes a request for nominal damages, he may pursue his First Amendment claim. After review of the complaint, the Court finds that although nominal damages are not explicitly sought by O'Neal in his pleadings, they are implicit in his request for damages sufficient to allow his constitutional claim to go forward.

In his statement of relief sought, O'Neal seeks not only to be compensated for the inconveniences and annoyances and the harassment he has suffered, but also

wants to see that the prison officials comply with the law. Another court has explained the purpose of nominal damages as follows:

> Common-law courts traditionally have vindicated deprivations of certain "absolute" rights that are not shown to have caused actual injury through the award of a nominal sum of money. By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of right.

<u>Cummings v. Connell</u>, 402 F.3d 936, 942-43 (9th Cir. 2005). Applying the Ninth Circuit's definition of nominal damages to this case, it is clear that although O'Neal did not use the term "nominal damages," he sought such relief as would vindicate his rights and call attention to the fact that the Defendants had failed to observe them–in other words: nominal damages. Thus, his request for nominal damages is implicit in his prayer for relief, and the Magistrate Judge did not err in recommending that Defendants' Motion to Dismiss be denied as to his First Amendment claim for nominal damages.

In accordance with the foregoing, therefore, the Court accepts the Recommendation as follows: Defendants' Motion to Dismiss is granted as to Plaintiff's claim for denial of access to the courts. Defendants' Motion is also granted insofar as it seeks dismissal of O'Neal's claims for injunctive relief because his request for injunctive relief is overly broad. Defendants' Motion is also granted as to Plaintiff's claim for compensatory damages arising from his First Amendment claim and that

portion of the claim as to which Plaintiff seeks compensatory damages is dismissed without prejudice. Defendants' Motion is otherwise denied as to O'Neal's First Amendment claim and he may seek nominal damages as to it.

**SO ORDERED**, this the 22nd day of October, 2008.

                                            *s/  Hugh Lawson*
                                            **HUGH LAWSON, JUDGE**

mls